IN THE UNITED STATES DISTRICT COURT FILED
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION                    2010 MAR 25  PM 5: 00

| | |
|---|---|
| DONALD MCKINLEY, D.C. AND § <br> CHRISTOPHER VILLASANA, § <br> PLAINTIFFS, § <br> § <br> V. § <br> § <br> GREG ABBOTT, AS ATTORNEY § <br> GENERAL OF THE STATE OF TEXAS, § <br> DEFENDANT. § | CAUSE NO. A-09-CA-643-LY |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) and (6) (Doc. #59) and Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. #61). Also before the Court are Plaintiffs' Motion for Preliminary Injunction and Request for Permanent Injunction (Doc. ## 1 and 2), Plaintiffs' Brief (Doc. #50); Defendant's Trial Brief in Opposition to Plaintiffs' Request for Permanent Injunction (Doc. #57); Plaintiffs' Reply Brief (Doc. #62); the parties' Fifth Amended Agreed Record (Doc. #67); and the parties' First Supplemental Agreed Record (Doc. #69). On November 18, 2009, the Court conducted a hearing on all pending motions, which the parties agreed would constitute a bench trial on the merits. All parties appeared through counsel. Having considered the motions, responses, replies, briefs, agreed record, argument of counsel at the hearing, applicable law, and case file as a whole, the Court will grant Plaintiffs' motion for a permanent injunction. The Court will deny Defendant's motion to dismiss and dismiss Plaintiffs' request for a preliminary injunction.

**Background**

This cause arises from the Texas Legislature's amendments to chapter 38 of the Texas Penal Code regulating the manner in which chiropractors, attorneys, physicians, private investigators, and persons registered by a Texas health-care regulatory agency solicit patients or clients. The 81st Texas Legislature passed House Bill 148 ("H.B. 148"), which amended penal code Section 38.12(d). TEX. PENAL CODE ANN. § 38.12(d) (West Supp. 2009). H.B. 148 prohibits certain licensed or registered professionals in Texas, including chiropractors and attorneys, from soliciting employment from an individual in writing, by telephone, or in person, concerning an action for personal injury, wrongful death, or otherwise related to an accident or disaster involving the individual or a relative of that individual for a period of 30 days after the event. *Id.* at § 38.12(d)(2)(A). The act further prohibits such persons from soliciting employment from an individual in writing, by telephone, or in person, concerning an arrest or issuance of a summons to the individual or relative of the individual for a period of 30 days after the arrest or issuance of summons. *Id.* at § 38.12(d)(2)(C). Plaintiff Donald McKinley, a licensed chiropractor, and Plaintiff Christopher Villasana, an attorney who specializes in defending traffic offenses, bring this action facially challenging the constitutionality of H.B. 148. McKinley challenges Section 38.12(d)(2)(A), relating to solicitations made by chiropractors to accident victims, asserting that the section violates his First Amendment rights by prohibiting him from sending written solicitations and making in-person or telephonic solicitations to accident victims within 30 days of the accident. Villasana challenges Section 38.12(d)(2)(C), relating to solicitations made by attorneys to individuals recently arrested or served with a summons, asserting that it violates his First Amendment rights by prohibiting him from sending written solicitations to those individuals. Plaintiffs seek a declaration that Sections

38.12(d)(2) (A) and (C) are facially unconstitutional and an order permanently enjoining the Texas Attorney General from enforcing the recent amendments to Section 38.12 through the implementation of H.B. 148.[1]

In 1993, the 75th Texas Legislature passed Senate Bill 1227, which amended Section 38.12 to prohibit attorneys, chiropractors, physicians, surgeons, private investigators, and other licensed professionals from mailing solicitation letters to certain individuals, including persons or relatives of persons involved in accidents, persons or relatives of persons who were arrested, and persons or relatives of persons who were defendants in civil lawsuits for a period of 30 days.

In response, a group of attorneys filed suit in the United States District Court for the Southern District of Texas against the Texas Attorney General and the District and County Attorneys of Harris County, Texas, challenging Senate Bill 1227's constitutionality. The plaintiffs challenged several provisions of the statute, including Section 38.12(d)(2)(A) which prevented attorneys from sending written solicitations to accident victims within the first 30 days after an accident, and Section 38.12(d)(2)(C) which prevented attorneys from sending written solicitations to individuals who had been arrested or served with a summons within 30 days of an arrest or issuance of a summons. The district court rendered a permanent injunction, declaring Section 38.12(d)(2)(A), (B), (C), (D), and (E) unconstitutional and enjoining enforcement of the unconstitutional provisions. *See Moore v. Morales*, 843 F. Supp. 1124, 1133-34 (S.D. Tex. 1994).

---

[1] Plaintiffs do not challenge the prohibition against in person or telephonic solicitation by attorneys or anyone acting on behalf of an attorney as it relates to any section or application of H.B.148 or Section 38.12(d)(2)(C) of the Texas Penal Code. Villasana's challenge is solely limited to the prohibition against written solicitations by an attorney or anyone acting on behalf of an attorney.

3

The Attorney General appealed, challenging solely the district court ruling on the unconstitutionality of Section 38.12(d)(2)(A)–the provision limiting solicitations to individuals recently involved in an accident or disaster. The district court's order declaring Section 38.12(d)(2)(C) unconstitutional–the provision addressing whether attorneys can send written solicitation to criminal defendants within 30 days of an arrest–was not appealed.[2]

The Fifth Circuit held that Section 38.12(d)(2)(A), which imposed a 30-day ban on attorney direct-mail solicitations of accident victims and their families, was constitutional as it materially advanced Texas' substantial interest in protecting the privacy rights of accident victims and did not violate attorneys' free-speech rights. *Moore v. Morales*, 63 F.3d 358, 363 (5th Cir. 1995). The circuit's opinion relied on *Florida Bar v. Went For It*, 515 U.S. 618 (1995), which upheld a 30-day ban on solicitation of accident victims and their families, holding that, as to attorneys, *Went For It* controls. *Id.* at 361. The Fifth Circuit remanded the case to the district court with instructions to vacate the injunction as to the 30-day ban and to enter judgment upholding the ban as to attorneys. *Id.* at 363. As to other groups affected by the 30-day ban, the circuit remanded for further proceeding consistent with the holding in *Went For It*. *Id.* at 363-64. Following remand, however, the parties resolved all issues without further action by the district court, resulting in the district court dismissing the cause.

H.B. 148 amends penal code Section 38.12(d) to provide that all licensed professionals are prohibited from soliciting in person or by telephone, as follows:

(d) A person commits an offense if the person:

---

[2] This same provision Villasana now challenges in the present cause, although now reenacted in H.B. 148 as current Section 38.12(d)(2)(C) of the Texas Penal Code.

4

>     (1) is an attorney, chiropractor, physician, surgeon, or private investigator licensed to practice in this state or any person licensed, certified, or registered by a health care regulatory agency of this state; and
>
>     (2) with the intent to obtain professional employment for the person or for another, provides or knowingly permits to be provided to an individual who has not sought the person's employment, legal representation, advice or care a written communication or a solicitation, including a solicitation in person or by telephone, that:
>
>       (A) concerns an action for personal injury or wrongful death or otherwise relates to an accident or disaster involving the person to whom the communication or solicitation is provided or a relative of that person and that was provided before the 31st day after the date on which the accident or disaster occurred;
>
>       . . . .
>
>       (C) concerns an arrest or issuance of a summons to the person to whom the communication or solicitation is provided or a relative of that person and that was provided before the 31st day after the date on which the arrest or issuance of the summons occurred[.]

TEX. PEN. CODE § 38.12 (d). H.B. 148 was signed into law on June 19, 2009, and became effective on September 1, 2009.

Plaintiffs filed suit on August 27, 2009, challenging the constitutionality of H.B. 148. This Court denied Plaintiffs' application for a temporary restraining order on August 31, 2009.

## Analysis

***Motion to Dismiss***

By his motion, the Attorney General seeks dismissal of Plaintiffs' claims for lack of subject-matter jurisdiction, *see* FED. R. CIV. P. 12(b)(1), and for failure to state a claim, *see* FED. R. CIV. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1) requires that the Court only examine whether the Court has jurisdiction to hear the case; it does not call for intrusion into the merits of the claim. *See Bell v. Hood*, 327 U.S. 678, 682 (1946). Dismissal for lack of subject-matter jurisdiction

"is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Company v. Citizens for a Better Environment,* 523 U.S. 83, 89 (1998) (internal quotations omitted). *See also Public Citizen, Inc. v. Louisiana Attorney Disciplinary Bd.* 642 F. Supp. 2d 539, 548 (E.D. La. 2009).

Motions to dismiss for failure to state a claim are viewed with disfavor and are seldom granted. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Claims asserted in the complaint are liberally construed in favor of the plaintiff and all facts pleaded are taken as true. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). "Factual allegations must be enough to raise a right to relief above the speculation level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 n.10 (5th Cir. 2007) (stating no longer is court to apply minimal standard of adequate pleading described in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The motion asserts that neither Plaintiff has standing to raise a facial challenge to the constitutionality of H.B. 148 because both have failed to demonstrate a particularized injury or a credible threat of prosecution; that Villasana's First Amendment claim is not ripe for adjudication because it was previously determined in *Moore*; and that Villansana has failed to state a First Amendment claim and is collaterally estopped from raising the claim because the provision has already been declared unconstitutional.

To establish standing, Plaintiffs must show: (1) an injury in fact which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection-an injury that is fairly traceable to the challenged conduct; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiffs must show standing even for a facial challenge to a statute, because "a litigant only has standing to vindicate his own constitutional rights." *Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 798 (1984); *but see Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392-93 (1988) ("[I]n the First Amendment context, litigants ... are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.").

Loss of First Amendment freedoms, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Croft v. Governor of Texas*, 562 F.3d 735, 745 (5th Cir. 2009) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). A credible threat of present or future prosecution is an injury sufficient to confer standing. *See Virginia v. American Booksellers Ass'n, Inc.*, 484 U.S. 383, 392 (1988); *Doe v. Bolton*, 410 U.S. 179, 188 (1973). A court may assume a credible threat of prosecution when the statute facially restricts expressive activity by the class to which the plaintiff belongs. *Id.* That requirement is met in this case as the law is aimed directly at Plaintiffs, who, if their interpretation of the statute is correct, will have to take significant and costly compliance measures or risk criminal prosecution. *American Booksellers*, 484 U.S. at 392 (1988) (citing *Craig v. Boren*, 429 U.S. 190, 194 (1976); *Bolton*, 410 U.S. at 188). Because this cause

challenges a Texas criminal statute that could subject Plaintiffs to present or future prosecution, the Court finds that Plaintiffs meet the injury requirements.

With regard to the Attorney General's assertion that Villasana's First Amendment claim is not ripe for adjudication and fails to state a claim for relief because the previous attempt at amendment was held unconstitutional in *Moore*, the Court finds the argument without merit. H.B. 148, now codified as Section 38.12(d)(2)(C) of the Texas Penal Code, constitutes new law that can be enforced against Plaintiffs. Thus, Villansana's facial challenge is fit for judicial decision and is not conjectural or hypothetical. *See Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 545 (5th Cir. 2008); *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 545 (5th Cir. 2008). The Court will deny the Attorney General's motion to dismiss.

***Constitutionality of H.B. 148 and the Amendments to Section 38.12(d) of the Texas Penal Code***

The amendments to Section 38.12(d) of the Texas Penal Code prohibit chiropractors licensed to practice in Texas from sending written solicitations and making in-person or telephonic solicitations to accident victims within 30 days of an accident, and attorneys licensed in Texas from sending written solicitations to those individuals who had been arrested or served with a summons within 30 days of an arrest or issuance of a summons. The parties agree that these amendments regulate commercial speech and are therefore scrutinized under the intermediate standard set forth in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980). States may regulate speech that is false, deceptive, misleading, or related to an unlawful activity. *See id.* at 563. If a state wishes to regulate truthful and nondeceptive commercial speech, however, the state bears the burden of proving that its regulation directly and materially advances

8

a substantial state interest and is "narrowly drawn". *Id.* at 564-65. *See also Went For It*, 515 U.S at 621-25.

*30-day Ban on Attorney Solicitations to Persons Arrested or Served with a Summons*

Villasana challenges Section 38.12(d)(2)(C) as it relates to written solicitations made by attorneys to individuals recently arrested or served with a summons. In *Went For It*, the Supreme Court upheld a ban on solicitations through targeted, direct-mail advertisements to potential personal-injury or wrongful-death clients within 30 days of their accidents. 515 U.S. at 635. The Fourth Circuit has distinguished *Went For It* when applied to solicitations made to criminal or traffic defendants. *See Ficker v. Curran*, 119 F.3d 1150 (4th Cir. 1997). "Both the First Amendment interests and the government interests in this case differ markedly from those in [*Went For It*], and accordingly dictate a different outcome." *Id.* at 1155. The Supreme Court's holding in *Went For It* rested largely on the principle that the privacy of accident victims and potential wrongful-death clients deserves protection so to provide them a period to grieve before seeking redress for an emotional loss. *Id.* (citing *Went For It*, 515 U.S. at 629-32). Persons recently arrested or served by a summons, however, do not possess the same need for privacy protection. "While a criminal or traffic defendants may be shaken by his arrest, what he needs is representation, not time to grieve." *Id.*

The Fourth Circuit further noted a criminal defendant's need for speedy trial and Sixth Amendment right to counsel, both of which warrant quick access to representation. *Id.* at 1155-56. "[W]hen the state itself is prosecuting a defendant, it cannot lightly deprive its opponent of critical information which might assist the exercise of even a qualified right." *Id.* at 1156. Thus, the court

concluded, "a thirty day ban on attorney advertising to defendants charged with crimes and incarcerable traffic offenses cannot stand." *Id.*

This Court finds the Fourth Circuit's reasoning persuasive and proper to apply to the 30-day ban on attorneys' written solicitations to individuals arrested or served with a summons under Section 38.12(d)(2)(C). Section 38.12(d)(2)(C) neither directly or materially advances a substantial state interest nor is it narrowly drawn under the *Central Hudson* test. Thus, the Court concludes that it contravenes the First Amendment to the United States Constitution and cannot stand.[3]

*30-day Ban on Chiropractor Solicitations to Accident Victims*

A state seeking to regulate truthful and nondeceptive speech merely proposing a commercial transaction bears the burden of proof under the *Central Hudson* test to show that: "(1) the state has a substantial interest, (2) [that] the regulation directly and materially advances, and (3) the regulation is 'narrowly drawn.'" *Bailey v. Morales*, 190 F.3d 320, 323 (5th Cir. 1999) (citing *Central Hudson*, 447 U.S. at 564-65). In support of the first factor, the Attorney General asserts five state interests: (1) protecting Texas citizens from uninvited solicitation letters from chiropractors during the 30-day period when the citizens' judgment may be impaired due to emotional distress; (2) protecting Texas citizens from emotional distress caused by the receipt of unwanted solicitation letters, telephone calls, and in-person visits from chiropractors or their agents following and accident; (3) protecting Texas citizens from false, misleading, or deceptive solicitation letters, telephonic, or in-person solicitations; (4) protecting the privacy of Texas citizens; and (5) maintaining and promoting standards of ethical conduct among and public confidence of all licensed chiropractors in Texas.

---

[3] Again, the Court notes that Plaintiff Villasana's challenge is limited to written solicitations. He does not challenge the constitutionality of the 30-day ban on telephonic or in-person solicitations.

These interests are substantial under *Central Hudson*, as each has been so recognized by the Supreme Court and the Fifth Circuit. *See Went For It*, 515 U.S. at 624-25; *Edenfield v. Fane*, 507 U.S. 761, 770 (1993); *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 460 (1978); *Bailey*, 190 F.3d at 323.

Although the Attorney General satisfies the first factor of the *Central Hudson* test, the Court finds he fails meet the second and third factors–that the statute directly and materially advances the state's interests and is narrowly drawn to create "'a "fit" between the legislature's ends and the means chosen to accomplish those ends.'" *Went For It*, 515 U.S. at 632 (quoting *Board of Trustees of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 480 (1989)). Such a fit requires that the scope be proportioned to the interest served. *Id*. The Attorney General asserts that Section 38.12(d)(2)(A) "unquestionably protects Texas citizens from the emotional distress caused by the receipt of unwanted solicitation letters, telephone calls, and in-person visits from chiropractors or their agents and maintains and promotes standards of ethical conduct among and public confidence in chiropractors." The Attorney General further contends that Section 38.12(d)(2)(A) does not constitute a total ban because the provision allows targeted solicitations to all citizens. He argues that "[t]here is nothing in the statutory language that prohibits a chiropractor from participating in a referral source or in responding to a call or question from a prospective client." He further argues that the tailored ban on intrusive, targeted solicitations is reasonable, because it is only for a limited period of 30 days following a triggering event, such as an accident.

In response, McKinley argues that the Attorney General's interpretation of Section 38.12(d)(2)(A) contradicts the plain language of the statute because it "cherry picks" its way through the statute seeking judicially created exceptions to avoid the constitutional infirmities in the language of the statute. *See Bailey*, 190 F.3d at 324. The Court agrees.

11

"Without a clearly expressed legislative intention to the contrary, statutory language must usually be considered controlling." *United States v. Reeves*, 752 F.2d 995, 998 (5th Cir. 1985) (citing *Escondido Mutual Water v. Jolla*, 466 U.S. 765 (1984)). Applying the remaining factors of the *Central Hudson* test, it is clear that the relationship between the State's interests and the means chosen to serve them is not a reasonable fit. The plain language of Section 38.12(d)(2)(A) creates a flat, or prophylactic, 30-day ban that prohibits far more speech than necessary to serve the State's interests, as it creates a large gap between the supposed harm and the speech ban enforced.

Unlike the ban in *Went For It*, which applied solely to attorneys, the 30-day ban in Section 38.12(d)(2)(A) applies to medical professionals as well, including McKinley, a licenced chiropractor. The Supreme Court in *Went For It* did not address or apply the *Central Hudson* test to a ban on medical professionals. Neither did the Fifth Circuit apply the holding in *Went For It* to a similar 30-day ban on solicitations by chiropractors and other medical professionals in *Moore*. 63 F.3d 358, 363 n.6. Rather, the circuit noted that no evidence had been proffered from medical professionals and remanded the case to the district court for further proceedings in light of *Went For It. See id.* at 363-64.

The Supreme Court in *Went For It* noted that the record in that case was devoid of "a single example of an individual case in which immediate solicitation helped to avoid [harm], or failure to solicit within 30 days brought about [harm] . . . ." 515 U.S. at 634. Here, however, McKinley and his patients have proffered affidavits demonstrating the benefit to accident victims of early medical treatment. Moreover, no evidence has been provided to suggest that medical treatment after 31 days is as effective as early medical treatment. The Court finds that the Supreme Court's reasoning in

*Went For It* does not apply to the 30-day ban on solicitations by chiropractors found in Section 38.12(d)(2)(A).

"Broad prophylactic rules in the area of free expression are suspect. Precision of regulation must be the touchstone in an area so closely touching our most precious freedoms." *Edenfield*, 507 U.S. at 777 (quoting *NAACP v. Button,* 371 U.S. 415, 438 (1963) (citations omitted)). The Court concludes that Section 38.12(d)(2)(A) infringes upon McKinley's right to speak, as guaranteed by the Constitution and therefore cannot stand.

### Conclusion

In accordance with the foregoing,

**IT IS ORDERED** that Plaintiffs' request for a permanent injunction (Doc. #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that Texas Penal Code Sections 38.12(d)(2)(A) and 38.12(d)(2)(C), as they apply to written solicitations, are unconstitutional and the Attorney General and his agents and employees are restrained and enjoined from taking any action to enforce Sections 38.12(d)(2)(A) and 38.12(d)(2)(C) of the Texas Penal Code with regard to written solicitations.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) and (6) (Doc. #59) is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion for Preliminary Injunction (Doc. #2) is **DISMISSED**.

SIGNED this 25th day of March, 2010.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE